UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                                        Case No. 05-80032

v.

                                        HONORABLE DENISE PAGE HOOD

**MARLAN WALLACE,**

      **Defendant.**

_____/

**ORDER DENYING MOTION FOR NEW TRIAL**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion for New Trial, Defendant's Amended Motion for New Trial, and Defendant's oral Motion to Arrest Judgment.

**II.    STATEMENT OF FACTS**

On April 11, 2005 a jury rendered a guilty verdict against Defendant Marlan Wallace, convicting him of (1) possession of marijuana with the intent to distribute, (2) possession of a firearm in furtherance of a drug trafficking crime and (3) felon in possession of a firearm, (Def.'s Mot. New Trial, ¶ 1). A sentencing hearing date was set for August 4, 2005. Defendant's trial counsel, Robert Slameka, was substituted with Defendant's current counsel, David S. Steingold, on August 5, 2005. Defendant filed a Motion for New Trial on September 13, 2005, and an Amended Motion for New Trial on January 17, 2006.

**III.    APPLICABLE LAW & ANALYSIS**

Defendant argues that a new trial must be granted due to ineffective assistance of trial counsel. Federal Rules of Criminal Procedure Rule 33 provides that a motion for new trial, other than one based on new evidence, must be filed within seven days after the verdict or finding of guilt or within such further time as the court may fix *during* the seven day period. Fed.R.Crim.P. 33(b). "[I]neffective assistance of counsel is not newly discovered evidence for purposes of a motion for new trial where the facts supporting the claim were within the defendant's knowledge at the time of trial." *United States v. Seago*, 930 F.2d 482, 489 (6th Cir. 1991). The Court lacks jurisdiction to consider a motion under Rule 33 filed beyond the seven day period. *Carlisle v. United States*, 517 U.S. 416, 421 (1996); *United States v. Koehler*, 24 F.3d 867, 869 (6th Cir. 1994); *United States v. Emuegbunam*, 268 F.3d 377, 397 (6th Cir. 2001).

Defendant claims that trial counsel was ineffective since he did not object to prosecution on the basis of improper venue and he did not adequately prepare for trial. (Def.'s Amend. Mot. New Trial, ¶ 2). Both of these reasons, however, were within the Defendant's knowledge at the time of his trial. As such, Defendant brings the current Motion for New Trial on grounds other than newly discovered evidence, and such motion must have been filed within seven days of the guilty verdict.

A jury rendered a guilty verdict against the Defendant on April 11, 2005. Defendant filed the Motion for New Trial on September 13, 2005, and the Amended Motion for New Trial on January 17, 2006. The current motions were filed well outside of the time period prescribed in Rule 33. Since the current motions were filed outside the seven day period provided by Rule 33, the Court lacks jurisdiction to consider the Defendant's motions.

Federal Rules of Criminal Procedure Rule 34 allows the Court to arrest judgment upon Defendant's motion if the indictment does not charge an offense or the court does not have

jurisdiction over the charged offense. Fed.R.Crim.P. 34(a)(1)-(2). "The defendant must move to arrest judgment within 7 days after the court accepts a verdict or finding of guilty... or within such further time as the court sets *during* the 7-day period." Fed.R.Crim.P. 34(b) (emphasis added). Defendant brought an oral Motion to Arrest Judgment on February 16, 2006, well outside the seven day time period allowed by Rule 34. Since the oral Motion to Arrest Judgment was not timely, it is denied.

The Court notes that the Defendant has and continues to assert an ineffective assistance of trial counsel claim in these motion. He also asserts his innocence of the firearm charges. Defendant claims that his trial counsel failed to object to venue under Project Safe Neighborhoods and failed to properly prepare for trial including failing to visit the Defendant until the trial date. Defendant was convicted on April 11, 2005, yet Defendant's current counsel did not substitute in until August 5, 2005. Defendant argues that since his prior counsel was ineffective, he could not have timely filed either a motion for new trial or a motion to arrest judgment during the seven day period proscribed in Rules 33 and 34. Defendant further argues that other post judgment relief based on the ineffective assistance of counsel claim is time consuming and while the courts resolve the claim, the Defendant, who proclaims his innocence, is forced to serve a sentence. The Court notes that Defendant argues he falls within a gap in the law, which may force a defendant who may have a valid ineffective assistance of counsel claim to serve a prison term before such a claim can be resolved in the judicial system. The Court, however, is bound to apply the laws and rules as written and as such must deny Defendant's motions as untimely.

Accordingly,

IT IS ORDERED that Defendant's Motion for New Trial **[Docket No. 22, filed September**

**13, 2005]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Amended Motion for New Trial **[Docket No. 25, filed January 17, 2006]** is DENIED.

IT IS FURTHER ORDERED that Defendant's oral Motion to Arrest Judgment is DENIED.

        /s/ Denise Page Hood
        DENISE PAGE HOOD
        UNITED STATES DISTRICT JUDGE

DATED: February 17, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 17, 2006, by electronic and/or ordinary mail.

        s/William F. Lewis
        Case Manager