**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,　　　　　　　　Criminal Case No. 05-80032
v.　　　　　　　　　　　　　　　　　　　　　Civil Case No. 08-14335
　　　　　　　　　　　　　　　　　　　　　　HONORABLE DENISE PAGE HOOD
MARLAN WALLACE (D-1),

    Defendant-Petitioner.
_____/

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I.    INTRODUCTION**

Petitioner Marlan Wallace was convicted by jury of the following: Count I, Possession of Marijuana with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1); Count II, Possession of a Firearm in furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A); and Count III, Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). On Feburary 16, 2006, the Court sentenced Petitioner to serve a period of incarceration of 92 months on Counts I and III and 60 months on Count II, to be served consecutively.

Petitioner appealed his judgment of conviction as a right, raising three issues before the United States Court of Appeals for the Sixth Circuit, Case No.06-1408.  In his appeal of right, Defendant asserted that he received ineffective assistance of trial counsel for his defense, and cited numerous errors committed by trial counsel in support of his assertion. On April 20, 2007, the Sixth Circuit Court of Appeals affirmed Defendant's convictions. Petitioner filed a Petition for Certiorari in the United States Supreme Court following the decision of the Sixth Circuit. The United States Supreme Court denied Petitioner's Writ of Certiorari. *Wallace v. United States*, 128 S. Ct. 332, 169

L. Ed. 2d 233 (2007).

On October 13, 2008, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 **[Docket No. 46]**, to which Respondent has filed a Response **[Docket No. 47, filed November 10, 2008]**.

**II.   ANALYSIS**

   **A.   28 U.S.C. § 2255 Standard of Review**

Motions brought under 28 U.S.C. § 2255 must present a challenge to the constitutionality of the sentence. *United States v. Jalili*, 925 F.2d 89, 893-94 (6th Cir. 1991). Challenges must present the following: whether the sentence was imposed in violation of the Constitution or laws of the United States; whether the court was without jurisdiction to impose the sentence; whether the sentence was in excess of the maximum authorized by law; or an alternative collateral attack to the sentence. *Id*. "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constituitional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

   **B.   Ineffective Assistance of Counsel**

      **1.   Standard**

Petitioner alleges that he received ineffective assistance of trial counsel, which is guaranteed by the Sixth Amendment of the United States Constitution. Petitioner claims that his trial counsel was ineffective for failing to adequately prepare for trial, and for failing to object to several purported incidents of intentional misconduct committed by the Government's attorney. Petitioner alleges that trial counsel never talked to him between the initial arraignment and the trial date. Petitioner also alleges that trial counsel did not interview any potential witnesses. Petitioner further

alleges that trial counsel did not file any pre-trial motions, in particular, a motion to challenge the validity of the search warrant. (Pet.'s Mot. to Vacate, p. 13)

The Supreme Court in *Strickland v. United States*, 466 U.S. 668 (1984) announced the two prong test to determine whether counsel's assistance was ineffective. The defendant must show: first, that counsel made errors so serious that counsel was not functioning as counsel as guaranteed by the Sixth Amendment; and second, that the deficient performance prejudiced the defense. *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*at 694. On appeal, review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id*. at 689.

### 2. **Lack of Preparation**

Petitioner claims that his counsel did not sufficiently prepare for trial by failing to interview potential witnesses or call witnesses at trial. Petitioner failed to proffer any evidence to support his assertions. The Government claims that trial counsel stated he spoke to and consulted with both Petitioner and his family and that he duly prepared for trial based on Petitioner's theory of the case-- that the gun was not Petitioner's gun and that Petitioner did not possess it. This is the theory that was presented by the defense at trial. Petitioner is essentially attempting to second guess trial counsel's strategy before and during trial.

The Supreme Court in *Stickland* held, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining

counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission was unreasonable." *Id*. at 689. Trial counsel's strategy to interview and/or investigate potential witnesses can not be held to constitute ineffective assistance of trial counsel. *See United States v. Rubin*, 433 F.2d 442, 445 (5th Cir. 1970) ("decisions as to whether or not to call certain witnesses to the stand…are tactical determinations. Errors, even egregious ones, in this respect do not provide a basis for post conviction relief.").

This Court, using the *Strickland* two prong test must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Strickland,* 466 U.S. at  689.  Trial counsel focused his closing argument on telling the jury that no evidence supported the finding that Petitioner possessed the gun or that he used it during drug trafficking. (Resp to Pet.'s Mot. to Vacate, p. 9).  Trial counsel's strategy to focus on the gun was a tactical decision made by counsel and his client.  As conceded by Petitioner, trial counsel cross-examined the various witnesses presented by the Government.  Petitioner has not met the first prong of *Strickland.*

Even if Petitioner had met the first prong of *Strickland*, he would still need to show prejudice-- that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Stickland*, 466 U.S. at 694. This Court is not convinced that the outcome would have been different, especially in light of Petitioner's written admission that he possessed and sold marijuana on December 14, 2004. (Trial Transcript, April 5, 2005, p. 90)  Petitioner has not shown that his counsel was ineffective by failing to interview potential witnesses and failing to call any witnesses at trial.

### 3. Failure to Object to the Government's Closing Arguments

4

Petitioner claims that his trial counsel's failure to object to the Government's closing arguments was ineffective assistance. The Sixth Circuit, in *Badley v. United States*, 48 Fed.Appx. 163, 165, 2002 WL 31245959 (6th Cir. Oct. 4, 2002)(unpublished), noted that "[w]ith respect to performance, we have recognized that defense counsel's failure to make a particular motion or objection that would succeed, would have no tactical disadvantage, and would either result in an acquittal of the defendant or prevent the proceedings from becoming fundamentally unfair constitutes objectively unreasonable performance." Petitioner alleges that during the trial the Government's attorney asserted that:

> You heard the officers testify that a drug profession is a very dangerous profession. So much so that nine times out of ten the drug dealer will have a firearm, somethin to protect his drugs, something to protect his money, and if for no other reason, to intimidate anybody who might be a threat to him.

(*See* Trial Transcript, April 11, 2005, p. 7)

The record shows that the testimony of Sergeant Tyrone Spencer corroborated the testimony of other officers that in executing the search warrant, they were looking for guns because drug dealers usually have guns. (Trial Transcript, April 6, 2005, p.52 (Spencer); April 5, 2005, pp. 84, 102 (Salazar); April 5, 2005, p.105, 108-09, 113-14 (Holyfield)). The Government counsel's argument that whether the officers testified that drug dealers "usually have guns," that they have guns "nine time out of ten times," or that they have guns "on occasion too numerous to count" would have little impact on the outcome of the case, in light of the officers' testimonies regarding drugs and guns. (Resp to Pet's Mot. to Vacate, p. 9). Trial counsel's failure to object to the statements made by Government's counsel in relation to the testimony of the officers would not have been a tactical disadvantage to Petitioner and would not have resulted in an acquittal of Petitioner or unfair

5

proceedings for Petitioner. Petitioner has not shown that trial counsel's failure to object resulted in a tactical disadvantage to Petitioner. Petitioner also has not shown that any objection by trial counsel to the Government's statements would have resulted in an acquittal of Petitioner. Trial counsel's failure to object did not result in unfair proceedings against Petitioner.

Petitioner's counsel was not ineffective based on the *Strickland* test. Petitioner fails to show that the sentence was imposed in violation of the Constitution or law of the United States, or that the Court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law.

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Case No. 05-80032, Doc. No. 46, filed October 13, 2008]** is **DENIED.**

IT IS FURTHER ORDERED that the Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Case No. 08-14435, filed October 13, 2008]** is **DISMISSED with prejudice.**


                                            s/Denise Page Hood
                                            Denise Page Hood
                                            United States District Judge

Dated:  February 27, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2009, by electronic and/or ordinary mail.

                                            s/William F. Lewis
                                            Case Manager